## No. 3492

### Second Circuit

## O'DONNELL v. FORTUNA OIL CO.

(March 12, 1929.   Opinion and Decree.)
(April 5, 1929.   Rehearing Refused.)
(May 20, 1929.   Writ of Certiorari and Review Refused by Supreme Court.)

Long, Fields and O'Neal, of Shreveport, attorneys for plaintiff, appellee.

Pugh, Grimmett and Boatner, and J. M. Marcantel, of Shreveport, and Spearing and Mabry, of New Orleans, attorneys for defendant, appellant.

WEBB, J. T. J. O'Donnell was awarded compensation under the Employers' Liability Law (Act No. 20 of 1914 as amended) in the case of T. J. O'Donnell versus Fortuna Oil Company, which judgment was affirmed on June 27, 1925, (T. J. O'Donnell vs. Fortuna Oil Company, 2 La. App. 462), and on September 2, 1928, the Fortuna Oil Company proceeded by rule to have judgment modified under the provisions of section 20 of the statute (as amended by section 1 of Act No. 85 of 1926), which provides:

"That a judgment of compensation may be modified by subsequent agreement between the parties, with the approval of a Judge of a Court which rendered the judgment sought to be modified, at any time after six months after said judgment of compensation shall have been rendered by the Judge of the trial Court it shall be reviewed by a judge of the Court that rendered the judgment sought to be modified upon the application of either party, on the ground that the incapacity of the employee has been subsequently diminished or increased, or upon the ground that the judgment was obtained through error, fraud or misrepresentation.

"In such cases the provisions of paragraphs 1 and 3 of Section 9 and Section 10 with reference to medical examination shall apply."

Plaintiff in rule, Fortuna Oil Company, alleged that it had paid O'Donnell compensation in an amount in excess of that to which he was entitled, and further, that O'Donnell had fully recovered from the injury sustained by him which was the basis of the award of compensation, and that O'Donnell had been employed by the Atlantic Oil Company as a blacksmith since the judgment for compensation was rendered, in which employment he worked seven days a week, at a wage of seven dollars per day, and it is prayed that the judgment for compensation be modified by decreeing that O'Donnell was not entitled to further payments of compensation.

The judgment sought to be modified was based upon a finding that O'Donnell had been partially disabled to do work of any reasonable character, and the amount of the weekly compensation was fixed at sixty per centum of the difference between the weekly wage which O'Donnell was receiving at the time of the accident and injury, and the amount which it was found

he was able to earn thereafter, and the period of compensation was fixed for the period of disability, not to exceed three hundred weeks, in accordance with clause (c) subsection 1, section 8 of the statute, as amended by section 1 of Act No. 247 of 1920, which provides that:

"For injury producing partial disability to do work of any reasonable character, sixty per centum of the difference between wages at the time of the injury and wages which the injured employee is able to earn thereafter during the period of disability, not, however, beyond three hundred weeks."

Appellant, Fortuna Oil Company, urges that the judgment discharging the rule should be reversed, for the reason that the original judgment fixing the period of compensation during the period of disability, not to exceed three hundred weeks, was erroneous in that the period of compensation should have been fixed during the period of disability, not exceeding one hundred and fifty weeks, and further, that the evidence offered on trial of the rule established that O'Donnell had recovered from the injury and partial disability resulting therefrom.

The injury sustained by O'Donnell, for which compensation was awarded him, was an injury to the middle finger of his left hand, and the Fortuna Oil Company contends that, even though it be conceded that the injury to the finger involved the hand, the period of compensation should not have been fixed for a period exceeding one hundred fifty weeks, under paragraph (5), clause (d), subsection 1, section 8 of the statute, as amended by section 1 of Act 247 of 1920, which provided that for the loss of a hand the period of compensation should be one hundred fifty weeks, citing in support of its position the decision in James vs. Spence & Goldstein, Inc., 161 La. 1108, 109 So. 917, in which, it is claimed, it was held that where disability results from injury to a member, as the fingers or hand, and compensation is allowed on the basis of disability, the period of compensation should not exceed that fixed by the statute for the loss of the member, and appellant, Fortuna Oil Company, seeks to have the judgment awarding O'Donnell compensation reviewed and the period of compensation fixed at not exceeding one hundred fifty weeks, and thus be relieved of further payments, as it had already paid O'Donnell compensation for a period in excess of one hundred fifty weeks.

Counsel do not cite any authority which would authorize the proceedings had and judgment rendered therein to be thus reviewed, and being of the opinion that the judgment was conclusive of all matters of fact and law which were or could have been considered at the time of the trial, the judgment cannot be questioned on an application to modify the decree (Estate of Beckwith vs. Spooner, 183 Mich. 323, 149 N. W. 971, Ann. Cas. 1916E, 886) where it is not alleged to have been obtained through error superinduced by fraudulent practices or misrepresentation, (Section 20, Act No. 20 of 1914, as amended; article 607, C. P.)

Therefore the only question presented by the rule to modify the judgment, was whether or not the partial disability to do work of any reasonable character had ceased to exist since the judgment awarding compensation, or that at the time the rule was tried O'Donnell was not partially disabled to do work of any reasonable character.

It is conceded that the question raised is one of fact, as to which the evidence is conflicting, and the error assigned is that the court did not give due weight to the

evidence introduced by the Fortuna Oil Company and especially the evidence which admittedly established that O'Donnell, a short time prior to the rule being filed, had been employed by the Atlantic Oil Company as a blacksmith at a wage equal to that which he had received when he was employed by the Fortuna Oil Company, and that he had continued in the employment of the Atlantic Oil Company for a period of seven days, when he sustained an injury for which the Atlantic Oil Company was paying him compensation.

The judgment awarding compensation on the basis of partial disability recognized the fact that, at that time, O'Donnell was able to earn some wages, and we do not think that he had for a short time earned as much as he had earned at the time of the injury could of itself be held to prove that the partial disability found to have resulted from the injury had ceased to exist, and the evidence being conflicting as to whether O'Donnell had used or could use the finger which had been injured, in the subsequent employment, we cannot say the judgment recalling and discharging the rule was erroneous, and it is affirmed.