No. 13,622

Orleans

———

LE BLANC ET AL. v. CRISTINA

———

(March 7, 1932. Opinion and Decree.)

———

Max M. Schaumburger, of New Orleans, attorney for plaintiffs, appellees.

F. A. Middleton, of New Orleans, attorney for defendant, appellant.

BOATNER, Judge ad hoc. The Kenner branch of the Jefferson Trust & Savings Bank made a loan to one Fabiana on his note, secured by the indorsement of Cristina, the defendant here. The bank took no other security. Cristina, for his own security, required Fabiana to give him a note for the same amount, secured by chattel mortgage on the contents of an automobile repair shop and garage. Before the maturity of the notes Fabiana absconded; whereupon Cristina sued out executory process on the chattel mortgage note, accompanied by attachment, in the name of one Ronaldson. Ronaldson was manager of the Kenner Branch of the bank. On allegation that the things seized would deteriorate, and that the costs of keeping them under seizure would be heavy, they were sold pendente lite. Cristina bid them in—he says, for the bank—but he made no announcement to that effect at the time to the deputy sheriff who conducted the sale. The proces verbal of the sale is not produced. Later he arranged a sale to the plaintiffs, LeBlanc and the two Stewarts, of what he had bought, and helped them finance their purchase by a loan at the same bank. The price was.$1,100, which was enough to pay off the Fabiana note, indorsed by Cristina, and that was surrendered by the bank to Cristina. Cristina testifies in the suit now under consideration that throughout he was acting for the bank; but, as indorser of Fabiana's note, he obviously had an interest of his own to serve, and the testimony of Stanley Stewart and Le Blanc is that in making their purchase they dealt with him personally.

Some months afterward the Interstate Electric Company, Limited, brought a suit against Le Blanc and the two Stewarts, in which it alleged that they were in possession of goods and garage equipment sold by the electric company to Fabiana, on which a balance of the price was due; and, claiming the vendor's privilege, it obtained the sequestration of the property, and prayed for personal judgment against Le Blanc and the Stewarts for the balance due by Fabiana, with recognition of the privilege.

The property sequestered in the suit of the electric company, of the value of $456.-04, was part of that which Le Blanc and his associates had bought from Cristina.

When Le Blanc was served, he went—not to the bank, it should be noted—but to Cristina, and asked him to handle the case. Cristina accepted employment and appeared as attorney for Le Blanc and the Stewarts

to defend the suit. He made no demand on their behalf against the bank by call in warranty, or otherwise, and did not advise his clients that he might himself be obligated to them as warrantor.

The result was a personal judgment against Le Blanc and the Stewarts, in solido, with recognition of vendor's privilege, in the sum of $435.04. A new trial having been allowed and it appearing that, by consent of counsel, a machine included in the sequestration had been sold for $100, and the price paid to the electric company, the money judgment was reduced by that amount. After judgment it was agreed by counsel that the remainder of what had been seized should be taken over by the electric company at a valuation of $84.42. These agreements were made by Cristina without the authority or knowledge of his clients. The balance due on the judgment, $250.58, with interest, $52.56, and costs, $143.50, making a total of $446.64, was paid by them.

Le Blanc and the Stewarts now sue Cristina for their damages, consisting of the value of the goods they lost as the result of the judgment in the suit of the electric company, said to be $435, and the amount they paid on the judgment, $446.64, making a total of $881.64 (incorrectly stated in the petition to be $881.68).

There was judgment in the court below for the plaintiffs, as prayed for, and the defendant appeals.

The law requires of a lawyer, in his dealings with his client, uberrimam fidem. When Le Blanc retained Cristina to defend the suit of the Interstate Electric Company, Cristina should have made a full disclosure of his own interest. His obvious duty required him to call in warranty his client's vendor. As he contends now, the bank was vendor; but, if the bank had been condemned, it would in its turn have had its recourse against him on his indorsement. If the bank was in truth the owner, he did not disclose to the plaintiffs that, in selling to them, he was acting as agent. Whether it was he or the bank who was vendor, in either case he had an interest adverse to that of the clients whom he undertook to defend. He made no call in warranty. Without the special circumstances of this case his failure to do so would have been inexcusable negligence; on the facts as they were, it amounted to disloyalty.

The defendant's counsel thinks the plaintiffs must decide whether to demand relief because of the defendant's negligence or his disloyalty, or because he was their vendor and warrantor. It is true one may not sue on several causes of action which exclude each other. But it is the business of courts, after considering all the proved facts, and within the limits of the prayer, to give the relief which seems appropriate. The defendant did not except on the ground of misjoinder of causes of action and did not object to any evidence on grounds based on the pleadings. All the facts proved must, therefore, be given their proper effect.

Since we think the facts are not only that Cristina was the plaintiffs' vendor and so bound to them as warrantor, but also that, as their lawyer, he subjected them to loss by his negligence, or disloyalty, and since, in either case, the plaintiffs' loss and damage are the same—being the value of the goods which he sold them and which they lost, with the expenses of the suit of the electric company and the judgment which the electric company

recovered against them—it seems useless to determine which of the facts contributes most to the result.

Defendant's counsel argues that the judgment of the electric company against the plaintiffs was wrong, for he says there was no personal liability of the plaintiffs to the electric company, and that the privilege of the latter was lost by the judicial sale and again by the sale to the plaintiffs. It may well be that defenses of that sort should have prevailed in that case, but, after a judgment is final, it is useless to contend that it is based on a wrong opinion of the law. The force of res judicata is such that it makes black white and it makes the judgment right, however wrong we might think it, if it were open to review.

In our appreciation of the evidence and, determination of conflicts in testimony, where they occur, we give weight to the fact that the district judge, who should know all the parties and witnesses, particularly the defendant, who is an attorney and officer of his court, must have taken the same view of the facts which we do.

After the defendant Cristina had filed his answer, in which he set up that he had acted for the bank in making the sale to plaintiffs, the latter filed an amended petition, making the bank party defendant, in which they alleged, not that the bank was their vendor, but only that the defendant Cristina had alleged that to be the fact. The bank filed an exception of no cause of action, which was maintained in the court below, we think, properly.

The judgment appealed from is affirmed, defendant Cristina to pay all costs.