154 So. 7

JONES et ux. v. BRISCOE.

BRISCOE v. JONES et ux.

Nos. 32575, 32657.

Feb. 26, 1934.

Rehearing Denied March 26, 1934.

M. T. Hewes, of New Roads, for appellants.

LeDoux R. Provosty, of Alexandria, and Fred G. Benton, of Baton Rouge, for appellee.

O'NIELL, Chief Justice.

George C. Briscoe filed executory proceedings against Malcomb T. Jones and his wife, and obtained an order of seizure and sale, under which their mortgaged property was seized and advertised for sale. Jones and his wife took a devolutive appeal from the order of seizure and sale, and at the same time asked for an injunction, on certain grounds for which, if the allegations were true, Jones and his wife were entitled to an injunction without bond, and on other grounds for which they were not entitled to an injunction without bond. The district judge refused to grant an injunction, but, on a writ of certiorari, this court ordered the judge to grant the injunction, but declared that, if Jones and his wife failed to furnish an injunction bond, they could not introduce evidence to sustain the injunction except on the grounds for which they were entitled to an injunction without bond if the grounds were true. The district judge granted the writ of injunction accordingly; but Jones and his wife did not furnish an injunction bond. On the trial of the case they were properly restricted, in the offering of evidence, to such evidence as might sustain their right to an injunction without bond; and they offered no such evidence. The judge therefore rejected their demand. After the

judgment against them had become final, Jones and his wife filed another suit for an injunction on the same grounds which they had set up in their first suit. Briscoe filed a plea of res judicata, which was properly sustained, and the second demand of Jones and his wife for an injunction was accordingly rejected. Jones and his wife have appealed from that judgment. That appeal bears the number 32575. Jones and his wife afterwards brought up their devolutive appeal from the original order of seizure and sale. That appeal bears the number 32657. Briscoe has moved to dismiss that appeal, on the ground that the mortgaged property has been sold by the sheriff, under the order of seizure and sale. The motion is well founded, because it is well settled that there is no right of appeal from an order of seizure and sale after the order has been executed by the sale of the mortgaged property. Citizens' Bank of Columbia v. Bellamy Lumber Co., 140 La. 497, 73 So. 308; King v. Hardwood Manufacturing Co., 140 La. 753, 73 So. 853; Ouachita National Bank v. Shell Beach Construction Co., 154 La. 709, 98 So. 160; T. Hofman-Olsen, Inc., v. Northern Lumber Co., 160 La. 839, 107 So. 593; Tennent v. Caffery, 163 La. 976, 113 So. 167.

 The judgment sustaining the plea of res judicata is correct, because the suit was between the same parties, was for the same relief, and on the same cause of action, as in the suit in which the court had rendered a judgment rejecting the demand of the plaintiffs, and the judgment had become final. Whether that judgment was correct or incorrect is a matter of no importance, because there was no appeal from it.

The appeal from the judgment sustaining the plea of res judicata and rejecting the demand of the plaintiffs is affirmed; and their appeal from the order of seizure and sale is dismissed at their cost.

ST. PAUL, J., absent.