## MORGAN v. CALLIHAM.

### No. 5311.

Court of Appeal of Louisiana. Second Circuit.

Dec. 11, 1936.

A. D. Flowers, of Jena, for appellant.

Jos. M. Reeves, of Vidalia, for appellee.

HAMITER, Judge.

The ruling of the trial court in sustaining a plea of res judicata is the only matter before us for review in this cause.

Suit No. 5129 on the docket of the district court of Catahoula parish, entitled G. L. Morgan v. P. W. Calliham, involved a petitory action. In his petition in that proceeding, plaintiff alleged that he was the owner of certain property therein described, especially a 17-acre triangular shaped tract of land; that defendant, Dr. P. W. Calliham, pretended to purchase at sheriff's sale a tract containing approximately 69 acres; that in assuming possession under that purchase defendant destroyed and removed fences belonging to plaintiff and attempted to obliterate definite fixed boundaries separating plaintiff's property from that of defendant; that said defendant took into his possession, under the claim of ownership, the 17 acres of land in a triangular shape belonging to plaintiff; and that he has been damaged in the sum of $250 by the acts of the defendant. Plaintiff prayed for judgment decreeing him to be the owner of the land described in his petition, especially the afore-mentioned 17 acres; that the boundaries of the triangular shaped tract as represented by an attached plat of survey be decreed to be the legal and established boundary; and for damages in the above-mentioned amount.

Defendant answered the petition in said suit No. 5129 by generally denying plaintiff's allegations, and by averring title to the disputed tract to be in himself.

Thereafter, a trial of that suit was had on its merits, resulting in the following judgment:

"This cause coming on regularly for trial after issue joined by answer of the defendant, and a trial being had, the law and the evidence being in favor of the defendant

and against the plaintiff, it is therefore and, by reason thereof, ordered, adjudged and decreed that the demand of the plaintiff be and the same is hereby rejected at his cost.

"Done, read and signed in open Court at Harrisonburg, Louisiana, on this 17th day of January, 1934.

"R. R. Reeves

"District Judge."

An order of appeal was then granted to plaintiff, returnable to this court, but the appeal was never perfected.

On April 24, 1934, this suit was filed. Plaintiff alleges that he is the owner of the same property described in the petition in suit No. 5129; that his property is bounded on the east side by certain lands claimed or owned by defendant; that "the said Dr. P. W. Calliham, by force and without the consent and over the protest of petitioner has destroyed and attempted to erase and obliterate all the evidence of the original fixed boundary separating the two estates and has encroached upon and forcibly taken possession of all of the said triangular shaped tract of land and designated on the plat as tract 'A' in the W½ of SW¼ Sec. 4 Twp. 9 N. R. 7 East, La. Mer., and has destroyed or taken into his possession the fence of petitioner located on said described land and constructed a fence along the section line between Sections 4 and 5, Twp. 9 N. R. 7 East, La. Mer., and refused to recognize petitioner's rights of ownership and possession of the said described Tract A"; that a judicial fixing of the said boundary line is necessary; and that he has been damaged in the sum of $300. He prays for judgment fixing and establishing the boundary line as shown by the plat of survey attached to the petition; and, in the alternative, that such boundary be established under a survey to be ordered by the court; that he be decreed to be the owner of the 17-acre disputed tract and restored to the possession thereof; and for judgment against defendant in the sum of $300.

Defendant, on June 18, 1934, excepted to the petition in this suit as follows:

"1st. That the said petition contains two separate and distinct causes of action contrary to and exclusive of each other, namely, the petitory action and the boundary action.

"2nd. Because another suit, to-wit, the suit styled G. L. Morgan v. No. 5129, P. W. Calliham between the same parties for the same object and growing out of the same cause of action before this Honorable Court has been tried and judgment rendered therein in favor of this defendant and against said plaintiff and because the said former suit is res judicata as to all of the demands set out by the plaintiff in this suit, or, if the same be held not to be res judicata, then this defendant pleads the exception of lis pendens."

On June 20, 1935, no proceedings having been previously had in the case under the afore-mentioned exception, defendant amended and supplemented said original exception and reiterated and specifically urged his plea of res judicata. A trial of the exception was then had in which evidence was adduced. There was judgment sustaining the plea of res judicata and dismissing plaintiff's suit at his cost. Plaintiff then appealed to this court. We dismissed that appeal for the reason that no judgment had been signed or filed. 166 So. 180.

The judgment was later signed and filed, and this appeal was then properly prosecuted by plaintiff.

It is to be noted that the judgment in suit No. 5129 was rendered and signed on January 17, 1934, after a trial of the merits, and that therein the demand of the plaintiff was rejected at his cost. It was not a judgment of nonsuit, nor did it provide any reservation in plaintiff's favor. No appeal from it was ever perfected, and when defendant filed a particularized plea of res judicata in this suit on June 20, 1935, the delay permitted for the taking of an appeal had elapsed.

Article 2286 of the Louisiana Civil Code provides:

"The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality."

Considering the two suits in question in the light of the quoted codal provision, we find that the parties litigant are the same in both proceedings, and the demand is formed by them against each other in the same quality. The first suit is a petitory action and has for its purpose the establishing in plaintiff of the title and possession of a small tract of land claimed and possessed by defendant. The second suit, or the one presently before us, involves the

same property and cause of action, and was filed for the identical purpose as that of the former. In addition thereto, however, in this cause plaintiff has included a boundary action. The inclusion of this last-mentioned action, as we view it, does not affect the question under consideration, because its applicability is dependent and contingent upon the success attained by plaintiff in establishing his ownership of the disputed tract. Primarily, this is a petitory action.

The Supreme Court, in Ganucheau v. Monnot et al., 130 La. 463, 58 So. 150, 152, stated:

"The learned counsel have done their utmost by ingenuity in pleading to give to the suit the appearance of an action in boundary; but the fact cannot be disguised that the matter involved is not the proper location of a boundary line, but is title vel non to the N.½ of the S.W.¼ of section 32. This question of title being settled, any competent engineer would locate the line without any trouble to the perfect satisfaction of the parties. Defendant is in possession as owner of this N.½ of S.W.¼ of section 32, and plaintiff seeks to recover it by asserting title. This suit is manifestly petitory. No elaboration, surely, can be necessary in a matter so plain."

It is contended by plaintiff that the judgment in the first suit was not conclusive of the issues presented therein. He shows that he had a prescriptive title to the land involved, and that evidence offered by him to sustain such title was excluded by the district judge, during the trial of the merits, for the reason that the plea of prescription in the petition was held to contain insufficient allegations. On this point counsel asserts in his brief:

"It is true that much of the pleadings in petitory actions and boundary actions are similar. In each case it is necessary to definitely describe the lands claimed and to set out chain of title upon which plaintiff bases title. That similarity exists in the two suits involved in this case. It is an indisputed fact that prescription may be pleaded in either case. A claim of prescription properly plead would of course form the basis of a plea of res judicata to a second suit containing the same plea covering the same land. But if the plea is not properly set out in pleadings of first suit and all evidence in support of said plea is excluded by the Court, the effect of such ruling would be identical to sustaining an exception of no cause or right of action.

The prescriptive rights of plaintiff would not be judicially determined, and certainly could not form the basis of a plea of res judicata in a second suit."

The judgment pleaded in bar of this suit was not of the character and nature of one sustaining an exception of no cause of action because of an insufficiency of material allegations in the petition. It was a judgment rejecting plaintiff's demand, rendered after a consideration of the case on its merits, and, having become final, we are not permitted in this cause to dispute its correctness. The question of whether the evidence was improperly excluded, or that an involuntary nonsuit should have been entered instead of the judgment so rendered, or that plaintiff's rights should have been reserved under the judgment, is not now before us. Plaintiff had the right, on the exclusion of the evidence, to offer to amend his petition, or to enter a voluntary nonsuit before judgment and to bring his suit anew, or to appeal from the judgment which was rendered. He did not choose to do any of these. Instead, he permitted the court's decree to stand, and it has become forever binding by reason of the expiration of the term for appealing.

It was held in the case of Heroman v. Louisiana Institute of Deaf and Dumb, 34 La.Ann. 805, 813, that:

"No appeal having been taken, and the delay allowed by law therefor having expired, the finality of the judgment is as complete as if it had been reviewed and affirmed by this Court.

"No principle of the law is more inflexible than that which fixes the absolute conclusiveness of such a judgment upon the parties and their privies. Whether the reasons upon which it was based were sound or not, and even if no reasons at all were given, the judgment imports absolute verity, and the parties are forever estopped from disputing its correctness."

In the case of Jones v. Briscoe, 179 La. 309, 154 So. 7, 8, the Supreme Court stated:

"The judgment sustaining the plea of res judicata is correct, because the suit was between the same parties, was for the same relief, and on the same cause of action, as in the suit in which the court had rendered a judgment rejecting the demand of the plaintiffs, and the judgment had become final. Whether that judgment was correct or incorrect is a matter of no importance, because there was no appeal from it."

The Orleans circuit of this court, in LeBlanc et al. v. Cristina, 19 La.App. 397, 140 So. 149, 151, said:

"Defendant's counsel argues that the judgment of the electric company against the plaintiffs was wrong, for he says there was no personal liability of the plaintiffs to the electric company, and that the privilege of the latter was lost by the judicial sale and again by the sale to the plaintiffs. It may well be that defenses of that sort should have prevailed in that case, but, after a judgment is final, it is useless to contend that it is based on a wrong opinion of the law. The force of res judicata is such that it makes black white and it makes the judgment right, however wrong we might think it, if it were open to review."

The jurisprudence of this state is replete with cases holding that a final judgment of the court having jurisdiction over the parties and the subject matter puts an end, not only to every plea or defense made, but to every plea or defense which either of the parties might successfully have made. Exchange National Bank v. Holoman Bros. et al., 177 La. 537, 148 So. 702; Succession of Whitner, 165 La. 769, 116 So. 180, and cases therein cited.

It is our opinion, therefore, that the judgment of the trial court sustaining the plea of res judicata was correct; and it is therefore affirmed.

TALIAFERRO, J., recused.