## HARRIS v. SOUTHERN CARBON CO.
### No. 5526.

Court of Appeal of Louisiana. Second Circuit.

Dec. 3, 1937.

On Rehearing June 1, 1938.

Theus, Grisham, Davis & Leigh, of Monroe, for appellant.

Dhu Thompson, of Monroe, for appellee.

HAMITER, Judge.

The provisions of Section 20 of the Louisiana Employer's Liability Act, being Act No. 20 of 1914, as amended, Act No. 85 of 1926, p. 123, § 5, are invoked herein by plaintiff. He seeks a modification of a judgment previously rendered awarding him compensation.

On August 17, 1934, suit was filed by plaintiff, Theodore Irvin Harris, against defendant, Southern Carbon Company, Incorporated, in which he alleged that he was totally and permanently disabled by reason of an injury to his foot received in an accident while employed by the defendant company. Compensation as for total and permanent disability in the amount of $20 per week for a period not exceeding 400 weeks, together with medical and hospital expenses, was prayed for. The entire relief requested was granted him by the district court, after a trial of the case on its merits, and defendant appealed to this court.

The evidence in the record, furnished to us in connection with that appeal, revealed that plaintiff was at the time of trial totally and permanently disabled.

With reference to this, we stated in our original opinion (162 So. 430) that "all the doctors for both plaintiff and defendant testify that plaintiff's foot was in such condition as to render it totally useless, and that, due to the condition of his foot, he was disabled from performing any labor or to follow any trade" (page 433). However, as the injury was confined to his foot and lower leg, and further, because of the construction placed by us on the jurisprudence of this State at that time interpreting the Louisiana Employer's Liability Act, we held that plaintiff's disability was equivalent only to the loss of a foot. Accordingly, the judgment of the trial court granting compensation as for total and permanent disability was amended so as to award compensation pursuant to the provisions of Section 8, subd. 1(d) 7 of the statute Act No. 242 of 1928, p. 357. Regarding this, we said, 162 So. 434:

"The lower court found plaintiff to be totally and permanently disabled, and awarded him judgment for a period of not more than 400 weeks. In this respect the judgment is erroneous. The injury to plaintiff is localized in the foot and lower leg, all below the knee, and he is entitled to judgment for the loss of a foot only, or for 125 weeks. Calhoon v. Meridian Lumber Company, 180 La. 343, 156 So. 412."

Applications for rehearing were then filed in this court by both plaintiff and defendant. A rehearing was refused. Thereafter, plaintiff applied to the Supreme Court for writ of certiorari, but his efforts were without success.

Payment of compensation was later commenced, as required by the provisions of the judgment. On October 31, 1936, and while there remained unpaid only six of the weekly compensation benefits, plaintiff instituted this proceeding. In his petition he outlined in detail the course pursued by his initial suit and alleged the result thereof. He further alleged the payment of compensation by defendant under the original judgment for more than twelve months, with a few remaining payments to be made; that the infection from the original foot injury has spread and increased, and that since the rendition of the judgment and trial of the first suit, his physical condition has gradually grown worse and his disability has increased. The prayer is for judgment modifying the judgment in the first suit, and ordering the payment to him of compensation during disability, not exceeding 400 weeks, less such payments made prior to the trial of this proceeding.

Defendant then filed a plea of res judicata, exceptions of no cause and no right of action and a plea of payment and satisfaction. These were overruled. Issue was then joined by defendant's answer in which it reserved all rights under the aforementioned exceptions and pleas, denied that the condition of plaintiff had changed, and repleaded its pleas of res judicata and payment and satisfaction.

After a trial there was judgment rendered in plaintiff's favor as prayed for. From the judgment defendant prosecuted this appeal.

In this court appellant again urges its pleas and exceptions which were overruled by the district court. It also argues that the evidence in the record discloses that there has been no change in plaintiff's condition since the original judgment was rendered.

The contention of plaintiff is that his incapacity has greatly increased since the former trial, and that, under the authority of Section 20 of the Compensation Statute, he is entitled to a modification of the original judgment. The section just mentioned provides as follows:

"That a judgment of compensation may be modified by subsequent agreement between the parties, with the approval of a Judge of a Court which rendered the judgment sought to be modified, at any time after six months after said judgment of compensation shall have been rendered by the Judge of the trial Court it shall be reviewed by a judge of the Court that rendered the judgment sought to be modified upon the application of either party, on the ground that the incapacity of the employee has been subsequently diminished or increased, or upon the ground that the judgment was obtained through error, fraud or misrepresentation. In such cases the provisions of paragraph[s] 1 and 3 of Section 9 and Section 10 with reference to medical examination shall apply."

Appellant's plea of res judicata will first be considered and discussed. If it is meritorious, there is no need for discussing the other issues in the case. In this pleading, defendant avers:

"That all matters in dispute herein have been adjudged and are res judicata, and

in support thereof defendant shows that plaintiff in the original suit contended that he was totally disabled and was in fact found totally disabled and yet limited to recovery under specific provisions of the Workmen's Compensation Laws of the State of Louisiana and in support thereof defendant attaches and makes a part hereof the original petition, original judgment, opinion and decree of the Court of Appeal, Second Circuit, State of Louisiana, application of plaintiff for writs of certiorari and review, and order of the Supreme Court of the State of Louisiana, refusing and disallowing said application."

It might be here observed that if the initial proceeding had come before us subsequent to the decision and opinion of the Louisiana Supreme Court in Barr v. Davis Bros. Lumber Company, 183 La. 1013, 165 So. 185, no doubt our judgment therein would have been one awarding compensation for a period not exceeding 400 weeks, under the total disability clause of the statute, as prayed for by plaintiff; for the cited case clearly expresses the view that an employee is entitled to be compensated under the total disability provisions of the statute for an injury to a specific member of the body which totally disables him from doing work of any reasonable character, and the evidence in the record of the former suit showed that plaintiff was wholly incapacitated to work. It so happened, however, that the appeal in the initial proceeding was considered by us prior to the aforementioned decision, and, as before stated, our appreciation of the jurisprudence at that time compelled an award of compensation as for the loss of a specific member.

The question therefore presented by the plea of res judicata may be stated: If it be conceded arguendo that the original judgment of this court was erroneous, does such erroneous judgment bar plaintiff's right to obtain in this proceeding compensation as for total and permanent disability under the present jurisprudence of Louisiana?

According to Article 539 of the Louisiana Code of Practice, a definitive or final judgment is such as decides all the points in controversy between the the parties and has the force of res judicata. To determine whether or not a judgment is res judicata to a subsequent action, the provisions of Louisiana Civil Code, Article 2286 must be considered. This article reads:

"The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality."

The jurisprudence of this state is to the effect that a final judgment in a cause is res judicata to a later suit where the elements named in Civil Code, Article 2286 are present in both proceedings, regardless of whether the judgment is correct or incorrect. Pace Lake Gas Company v. United Carbon Company, 177 La. 529, 148 So. 699; Jones v. Briscoe, 179 La. 309, 154 So. 7; LeBlanc v. Cristina, 19 La.App. 397, 140 So. 149.

Even if we assume that the judgment in the original suit was incorrect, under the aforementioned authorities it operates as a bar to the instant proceeding, unless section 20 of the compensation statute, above quoted, provides otherwise. The judgment in question is definitive in character, for it decided all of the points in controversy between the parties. In both suits, the thing demanded is the same, plaintiff having sought compensation therein under the total and permanent disability provisions of the statute; and the demand is founded on the same cause of action, is between the same parties and is formed by them against each other in the same quality.

A readng of the above mentioned and quoted section of the compensation statute is convincing that no relief is thereunder granted to plaintiff with respect to the prosecution and maintenance of this action. It authorizes the modification of a judgment, awarding compensation, on the ground that the incapacity of the employee diminished or increased, or that such judgment was obtained through error, fraud or misrepresentation; however, it does not contemplate or provide for a situation, such as is here presented, where the proof in the first proceeding disclosed permanent and total disability, but the court, being cognizant of that proof, decreed recovery under one of the specific injury clauses of the statute because of a statutory construction with which jurisprudence subsequently made by the highest tribunal of this state conflicted.

The provisions of the compensation statute relied on herein by plaintiff for a mod-

ification of the judgment was involved in the case of O'Donnell v. Fortuna Oil Company, 10 La.App. 599, 120 So. 789, decided by this court. The plaintiff in that case had suffered an injury to the middle finger of his left hand, and for that injury he was awarded compensation, under a final judgment, as for partial disability for a period not exceeding 300 weeks. Compensation- under the judgment was paid by the defendant for more than 150 weeks, and it then caused the issuance of a rule praying that the judgment be modified by decreeing that plaintiff was not entitled to further payments of compensation. It urged in the proceeding that the original judgment was erroneous in that the proper period of compensation should have been one not exceeding 150 weeks under the specific member provisions of the statute. Our holding was that the correctness of the original judgment could not be questioned in that proceeding. An application for writs of certiorari was then made to the Supreme Court. These were denied on May 20, 1929. In the opinion of that case, we said (page 790):

"The injury sustained by O'Donnell, for which compensation was awarded him, was an injury to the middle finger of his left hand, and the Fortuna Oil Company contends that, even though it be conceded that the injury to the finger involved the hand, the ·period of·compensation should not have been fixed for a period exceeding 150 weeks, under paragraph (5), cl. (d), subsec. 1, § 8 of the statute, as amended by section 1, of Act No. 247 of 1920, which provided that for the loss of a hand the period of compensation should be 150 weeks, citing in support of its position the decision in James v. Spence & Goldstein, Inc., 161 La. 1108, 109 So. 917, in which, it is claimed, it was held that where disability results from injury to a member, as the fingers or hand, and compensation is allowed on the basis of disability, the period of compensation should not exceed that fixed by the statute for the loss of the member, and appellant, Fortuna Oil Company, seeks to have the judgment awarding O'Donnell compensation reviewed and the period of compensation fixed at not exceeding 150 weeks, and thus be relieved of further payments, as it had already paid O'Donnell compensation for a period in excess of 150 weeks.

"Counsel do not cite any authority which would authorize the proceedings had and judgment rendered therein to be thus reviewed, and, *being of the opinion that the judgment was conclusive of all matters of fact and law which were or could have been considered at the time of the trial, the judgment cannot be questioned on an application to modify the decree* (Estate of Beckwith v. Spooner, 183 Mich. 323, 149 N.W. 971, Ann.Cas.1916E, 886), where it is not alleged to have been obtained through error superinduced by fraudulent practices or misrepresentation. Section 20, Act No. 20 of 1914, as amended; article 607, C.P."

The doctrine announced in the last discussed· case was reiterated in Bailey v. Gifford Sand & Gravel Company, La.App., 145 So. 712, in the following language:

"The original judgment in this case is conclusive of all matters of fact and law which were or could have been considered at the time of trial. The correctness of the judgment cannot be questioned on an application to modify the decree when there is no plea of error, fraud, or misrepresentation. O'Donnell v. Fortuna Oil Company, 10 La.App. 599, 601, 120 So. 789."

For the foregoing reasons, the judgment appealed from herein is reversed and set aside; defendant's plea of res judicata is sustained, and plaintiff's action is dismissed at his costs.

## On Rehearing.

TALIAFERRO, Judge. ·

Following the resubmission of this case after a rehearing was granted, we requested of the Supreme Court instructions on the intricate question of law propounded by plaintiff's application for a modification of the judgment originally rendered by this court (162 So. 430), and the plea of res judicata filed and urged by defendant. Prefatory to the question of law on which instructions were desired, we incorporated in said application a resume of the history of the case and the record facts thereof, from which we quote the following:

"Plaintiff brought suit against his employer, Southern Carbon Company, to recover compensation payments for 400 weeks. He alleged that he experienced an accident while performing the duties of his employment, resulting in injuries producing total and permanent disability to do work of a reasonable character. He recovered judgment in the lower court as

by him prayed for. On appeal to this court, plaintiff's contentions and findings of fact of the trial court were upheld, with the exception of the term for which compensation was due. We found and held that the injury and its effects were confined to the left foot and, this being true, notwithstanding total and permanent disability resulted, no greater amount of compensation was recoverable than would be due had he lost the foot entirely; and, accordingly, the judgment appealed from was amended by reducing the term of compensation from 400 weeks to 125 weeks. (See 162 So. 430). In reaching this conclusion, we were influenced by our interpretation of the jurisprudence of the Supreme Court as previously enunciated by it in several cases.

"Plaintiff applied for a rehearing which was denied. He then applied to the Supreme Court for a writ of certiorari or review. This was refused. Payments under the judgment began July 15, 1934. The last one was due on December 9, 1936. All payments have now been made.

"The present suit was filed October 31, 1936. The history of the case, including the action of each court therein, particularly the reasons of this court for reducing the term of compensation payments, is clearly set out therein. This is followed by allegations that since rendition of the above mentioned judgment, plaintiff's 'physical condition has gradually grown worse and his disability constantly increased'. Detail of facts supporting this conclusion is alleged. The proof unquestionably sustains these allegations. Disability has increased. He prays that the judgment of this court, review of which was denied by the Supreme Court, be modified, and that he now have judgment awarding him compensation for the full term of 400 weeks, less payments heretofore made. A plea of res judicata and an exception of no cause and no right of action were interposed by defendant. These were overruled by the court aquo. Trial on the merits resulted in judgment for plaintiff as prayed for by him. On appeal to this court, the plea of res judicata was sustained. Our action in this respect was largely predicated upon the case of O'Donnell v. Fortuna Oil Company, 10 La.App. 599, 120 So. 789, in which an application for a writ of review was denied by the Supreme Court. Plaintiff applied for rehearing which was granted, in order that this application for instructions might be made.

"It is conceded that had the court's pronouncements in the case of Barr v. Davis Bros. Lumber Company, 183 La. 1013, 165 So. 185, been made prior to the first judgment of this court, whereby compensation payments were reduced to 125 weeks, the district court's judgment would not have been amended in this respect."

And closed the application with the following:

"In view of the situation reflected from the above related record facts, we propound the following question of law, and respectfully request instructions thereon:

"May the provisions of Section 20 of Act No. 20 of 1914, as amended, be availed of by plaintiff and the judgment whereunder some of the payments were made after the present suit was filed, be modified by increasing the term of compensation to 400 weeks; or, conversely, is he barred from such a course by the plea of res judicata?"

The question was exhaustively considered by the Supreme Court and, by a vote of four to three, the primary question was answered in the affirmative, pursuant to which instructions were given us, of which the following is a copy, 181 So. 469, 474:

"Therefore, our answer to the question of law propounded to us by the Court of Appeal of the Second Circuit is that the judgment in the instant case may be modified by increasing the term of the compensation to not exceed 400 weeks, if the proof on the merits warrants that conclusion and that the plaintiff's right to ask for such a modification of the judgment originally granted is not barred by the plea of res judicata."

The majority opinion, supplemented by the dissenting opinion of the minority members, covers 20 typewritten pages. It appears at page 992 of 189 La., and at page 469 of 181 So., and will not be reproduced here.

The testimony adduced on the trial of the present proceeding clearly establishes that plaintiff's disability at that time was total, with favorable prospect for a long continuance of that condition.

The malignancy of the leg wound producing the original disability increased since the date of trial of the first suit. The infection seems to have become aggravated. Plaintiff's disability, while

found to be total at the first trial, within the purview of the Workmen's Compensation law, had, as a matter of fact and from a physical standpoint, increased during the interim between trials. It is not improbable that the leg, in whole or part, eventually will suffer amputation.

There follows from these findings of fact, in the light of the law embodied in the instructions given this court by the Supreme Court, supra, that plaintiff is entitled to have our original judgment modified by increasing the term for payment of compensation due him to the period of his disability, not exceeding, however, 400 weeks, less the 125 weeks for which payments have been made. The lower court so found and held.

For the reasons herein assigned, the judgment appealed from is affirmed, with costs.