## Succession of BONGIOVANNI et al.
### No. 1888.

Court of Appeal of Louisiana. First Circuit.

Oct. 5, 1938.

Rownd & Tycer, of Hammond, for appellants.

Ponder & Ponder, of Amite, for appellee.

OTT, Judge.

On June 22, 1936, a judgment was signed by the judge of the district court of Tangipahoa Parish appointing the Guaranty Bank and Trust Company of Hammond as administrator of the successions of Sam Bongiovanni, and his wife, Camelo Bongiovanni, both deceased. The vice-president and cashier of the bank took the oath for the bank as administrator on February 25, 1937, and letters of administration were issued to the bank on March 2nd following.

The bank as administrator filed a petition and obtained an order to sell the property of the successions on April 8, 1937, for the purpose of paying the debts, and, after another inventory was made, the property was advertised for sale on May 22, 1937. On the day before the sale was to take place, the three major heirs of the two deceased filed a petition, asking for a temporary restraining order to stop the sale, and asked for a rule nisi against the administrator and the sheriff to show cause

why a preliminary injunction should not issue enjoining them from selling or offering said property for sale.

The restraining order issued, and a rule was signed returnable on May 27, 1937, for the administrator and the sheriff to show cause why a preliminary injunction should not issue as prayed for. The substance of the petition for the injunction is to the effect that the creditor who petitioned for the appointment of an administrator did not set forth and verify by affidavit any amount of indebtedness; that the bank did not qualify as administrator for more than ten days after the appointment was made; that Mrs. Bongiovanni died in June, 1929, and her husband died in 1932; that the half of the community belonging to the deceased wife could not be held for the debts of the deceased husband, if any; that there was no debt due the petitioning creditor by either the deceased husband or wife, but if there was any such debt due by either, it was prescribed; and, in the alternative, if the court should find that there was a debt due by the deceased, Sam Bongiovanni, it was contracted after the death of his wife, and her share of the community would not be liable therefor; that no administration of the estates is necessary as there are no debts, and if there are any debts, the heirs are willing to assume same and accept the successions purely and unconditionally.

It appears that an exception of no cause or right of action and a plea of res adjudicata was filed to this petition for an injunction, however, we find no such exception or plea in the record, nor any reference to the filing of same in the minutes. On October 20, 1937, a judgment was rendered wherein it is stated that an exception of no cause or right of action and a plea of res adjudicata were filed and taken up, argued and submitted to the court, and the court then rendered judgment in favor of the administrator and against the plaintiffs, heirs of the deceased, dismissing and rejecting their demands and ordering the property sold in accordance with the order of court. No appeal was taken from this judgment of dismissal.

The property was again advertised to be sold on December 18, 1937, and again the same parties, the three major heirs of the deceased, filed another petition on the day set for the sale of the property, and secured another restraining order and rule for an injunction. The allegations in this second petition were all included in the first petition in somewhat different language.

To this second petition for an injunction the administrator filed an exception of no cause or right of action and a plea of res adjudicata. By a judgment rendered on January 28, 1938, the court sustained the exception and the plea and dismissed the suit of the plaintiffs in injunction and ordered the property sold in accordance with the order of court previously rendered. Plaintiffs in injunction obtained an order of appeal from said judgment, which appeal was made returnable on March 15, 1938, suspensive and devolutive, on giving bond in the sum of $100. The bond was filed on February 7, 1938, and on March 16th following, one day after the return day of the appeal, the administrator filed in the district court a rule against appellants to show cause why the appeal should not be dismissed because of the insolvency of the surety on the appeal bond. This rule was made returnable March 22nd, but does not appear to have been served on appellants or their counsel.

Appellants obtained an order from this court on March 18, 1938, extending the return day of the appeal to April 4th. The transcript was not filed in this court until April 11th.

### Motion to Dismiss the Appeal.

The administrator filed a motion in this court to dismiss the appeal on the ground that the transcript was filed after the return date, and because no suspensive appeal lies from an order refusing a preliminary injunction.

The judgment from which the appeal is taken completely dismissed the suit of the appellants. It does more than merely deny the preliminary injunction as it rejects all of the demands of the plaintiffs. The judgment is therefore a final one and may be appealed from both suspensively and devolutively. See State ex rel. Roane v. Himel, Judge ad hoc, La.App., 176 So. 413, and cases there cited.

According to a certificate attached to the motion to dismiss, appellants did not make the deposit of five dollars to cover the filing fees for the appeal until March 18th, the day on which the order for an extension of the return day was signed. However, at that time the rule to test the surety on the appeal bond was pending, and, although it had not been served on appellants, the clerk had a right to assume that this rule

would be taken upon the return day of the rule as the jurisdiction of the trial court was retained for the purpose of disposing of this rule.

So far as the record shows, the clerk was unaware of the order extending the return date of the appeal. Counsel for appellants stated in oral argument that he thought the clerk of this court would notify the clerk of the trial court of the extended return date, but we know of no law or rule of this court requiring such notice. The rules of this court place upon the appellant the responsibility of seeing that the record is filed in this court on or before the return date. See Rule 3 printed in 11 La. App. at page 769.

However, as there seems to have been a misunderstanding on the part of both the clerk of the district court and counsel for the appellants as to the status of the appeal after the deposit of the filing fee and the signing of the order extending the return day, we do not feel justified in holding that counsel for appellants was chargeable with fault in the failure to see that the transcript was filed on or before the extended return date. The right of appeal is a constitutional one, and the right should be construed liberally in order that an aggrieved party may have a hearing before the appellate court. Under the circumstances of this case, we have decided to maintain the appeal. Vinyard v. Stassi, Reggio, Intervener, La.App., 152 So. 161. The motion to dismiss is therefore overruled.

### On the Merits.

The first and the second petitions filed by the appellants against the administrator and the sheriff seek the same relief. Moreover, the relief sought is based on the same grounds, with the exception that in the first suit for the injunction, one of the grounds set up is that the administrator did not qualify within ten days of its appointment. But that matter was adjudicated adversely to appellants, along with the other matters set up in the first petition, when the court signed a final judgment on October 20, 1937, dismissing and rejecting the demands of the appellants in toto. No appeal was taken from that final judgment. It follows that the matters and things set up in the first petition for an injunction have acquired the force and effect of the thing adjudged, regardless of the correctness of that judgment. Jones et ux. v. Briscoe, Briscoe v. Jones, 179 La. 309, 154 So. 7.

No attack was made on the qualifications of the administrator in the second petition for an injunction. This petition was also dismissed by the judgment of January 28, 1938, from which alone this appeal was taken. Therefore, the argument advanced by counsel for appellants regarding the lack of qualification of the administrator is not a matter presented on this appeal.

We find no other grounds in the second petition for an injunction that were not included in the first petition, although the grounds are set up in somewhat different language. The object of the second suit was the same as that of the first; the thing demanded is the same; the demand is founded on the same cause of action; the demand is between the same parties, and formed by them against each other in the same quality. Under the terms of Article 2286 of the Revised Civil Code, the plea of res adjudicata is applicable, and was properly sustained.

For the reasons assigned, the judgment appealed from is affirmed at the cost of appellants.