No. 6522

First Circuit

BAGG v. PICKERING LUMBER COMPANY

(May 3, 1927. Opinion and Decree.)
(June 28, 1927. Rehearing Refused.)

(*Syllabus by the Editor*)

1. **Louisiana Digest—Master and Servant— Par. 160 (g).**
Under Section 31 of the Workmen's Compensation Act No. 20 of 1914, where an employee's eye is injured, thereby causing him the loss of his sight at a later date, prescription does not begin to run until his sight is lost.

₀ Appeal from the Parish of Vernon. Hon. Hal. A. Burgess, Judge.

Action by W. C. Bagg against W. R. Pickering Lumber Company.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Fern N. Wood, of Leesville, attorney for plaintiff and appellee.

E. C. Hardin, of Lake Charles, attorney for defendant and appellant.

ELLIOTT, J. On or about August 3rd, 1922, the plaintiff, W. C. Bagg, was in the employ of W. R. Pickering Lumber Company, the defendant, as a blacksmith's helper, and while engaged in defendant's work, was struck in the left eye by a fleak of hot steel. He immediately went to another employee, who looked at the wound and then sent him to the physician in the employ of defendant for treatment. This physician treated plaintiff's eye for a week or ten days and as it continued to hurt and give pain, at plaintiff's request, he was taken to another physician, an eye specialist. This physician examined the eye and found it badly hurt. He appears to have done nothing and sent plaintiff back to be treated by the physician in the employ of the defendant. Defendant's physician continued to treat plaintiff's eye for the injury received, as above stated; but it gradually grew worse, though at times it was better. It finally gave plaintiff so much pain that he quit working for defendant and engaged in farming. After ceasing his work for defendant, he employed the service of another physician. This physician administered relief as he could and finally plaintiff returned to the eye specialist. His eyesight was then about gone and some time in June, 1926, he became blind in his left eye, resulting from the wound received as above stated.

Plaintiff then consulted an attorney and this suit soon afterwards followed. Defendant urges that plaintiff's action is barred by the prohibitive provision of the Compensation Law, Act 20 of 1914, Section 31.

The cause of action did not arise until the sight of the eye was lost. The sight was badly impaired but was not lost until only a couple of months before the suit was

filed. The action is not barred by the law cited. Guderian vs. Sterling Sugar and R. R. Co., 151 La. 59, 91 South. 546.

The judgment appealed from is correct.

Judgment affirmed.

Defendant and appellant to pay the cost in both courts.