No. 4095

Second Circuit

———

THOMPSON v. TARVER ET AL.

———

(July 14, 1931. Opinion and Decree.)

———

S. R. Holstein, of Jena, attorney for plaintiff, appellee.

White, Holloman & White, of Alexandria, and A. L. Burford, of Shreveport, attorneys for defendants, appellants.

DREW, J. Plaintiff sued under the Workmen's Compensation Act of Louisiana (Act No. 20 of 1914, as amended) for the loss of an eye. The suit was brought against the Good Pine Lumber Company and E. L. Tarver.

The accident happened on September 11, 1929; suit was filed September 11, 1930; and citation was had on Tarver on September 13, 1930.

The Good Pine Lumber Company filed exceptions of no cause or right of action which, after trial had, were sustained, the evidence showing that the company under which Tarver was working was the Tall Timber Lumber Company, Incorporated, and not the Good Pine Lumber Company. E. L. Tarver plead the prescription of one year and, reserving his rights under said plea, answered, denying that plaintiff was injured while in the course of his employment.

The lower court rendered judgment overruling the plea of prescription and awarding to plaintiff judgment as prayed for for the loss of an eye. From this judgment defendant has appealed. Plaintiff did not appeal, therefore, the case, in so far as the Good Pine Lumber Company is concerned, is not before us for consideration.

Plaintiff was employed by defendant Tarver to make cross-ties for the Tall Timber Lumber Company, Inc., and while at work making the said ties, a chip flew up and struck him in the eye, from which injury he finally, some ten or eleven days later, completely lost the sight of the eye. Defendant attempted to show that the injury to the eye was caused by a chip from stovewood that plaintiff was cutting at home, and produced one witness who swore that plaintiff's wife had told her that he was injured while cutting in the woods.

A fellow workman of plaintiff testified that when plaintiff was injured, he called and told him what had happened and immediately ceased work and went home. Plaintiff testified positively as to the injury and when it happened. Without a further review of the evidence, which we feel unnecessary, we are convinced that plaintiff was injured, as alleged, while in the employ of defendant and while in the course of his employment and entitled to compensation, as prayed for, unless the plea of prescription of one year is sustained.

The accident causing the injury to plaintiff occurred on September 11, 1929, and service on defendant was not had until September 13, 1930, one year and two days after the accident. The evidence shows that the loss of sight of his eye did not occur until at least ten days after the accident, and this court has held that prescription does not begin to run until a cause of action arises, which in this case was at the time he lost his eyesight, at least ten days after that. Hoy v. T. S. Grayson Lumber Co., 15 La. App. 176, 130 So. 651.

The Supreme Court of this state has held the same in a very similar case to the one before us. Guderian v. Sterling Sugar & Railway Co., Inc., 151 La. 59, 91 So. 546.

The Court of Appeal, First Circuit, in the case of Bagg v. Pickering Lumber Co., 7 La. App. 63, has also held that, where an eye is injured, thereby causing one the loss of his sight, prescription does not begin to run until the sight is lost.

Counsel for defendant call our attention to the case of Flynn, Executor, v. N. Y., New Haven & Hartford Railroad Co., decided by the United States Supreme Court on March 23, 1931, 283 U. S. 53, 51 S. Ct. 357, 75 L. Ed. ___, wherein the court said:

"The time within which suit must be brought under the Federal Employers' Liability Act of April 22, 1908, 35 Stat. at L. 65 [45 USCA, secs. 51-59], by the personal representative of an injured employee for the benefit of the widow and children, runs from the date of injury, and not from the date of death."

This decision, although interpreting a federal statute and not our state statute on compensation, would be most persuasive if our Supreme Court had not already placed its interpretation of prescription under said act in the case of Guderian v. Sterling Sugar & Ry. Co., cited supra. The construction of our Workmen's Compensation Act has been most liberal by the courts of this state, and to say what construction the United States Supreme Court would place on it, considering the ruling of our courts thereon, would be merely to hazard a guess. So long as the decision of the Supreme Court of this state remains undisturbed, we feel bound to follow it.

Plaintiff did not lose the sight of his eye until after September 21, 1929; suit was filed September 11, 1930, and citation had on defendant September 13, 1930, within the one year from the time the cause of action arose. The plea of prescription of one year was properly overruled by the lower court, and the judgment of the lower court is correct.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be affirmed, with all costs.