## CARROLL v. INTERNATIONAL PAPER CO.*
### No. 4143.

Court of Appeal of Louisiana. Second Circuit.

Jan. 14, 1932.

Argued before DREW, McGREGOR, and STEPHENS, JJ.

Todd & Todd, of Bastrop, for appellant.

Madison & Madison, of Bastrop, for appellee.

### STEPHENS, J.

The plaintiff, James Lee Carroll, alleges that he was employed by the defendant, International Paper Company, as a boiler maker's helper, and while so employed on February 9, 1928, and while sitting on a scaffold bucking rivets, a spark flew from a red hot rivet and hit him on the nose, burning his nose severely; that he continued work, but reported to the defendant's physician once a week thereafter for treatment, believing the burn of no great consequence, until on or about August 18, 1928.

It is alleged that on that date the defendant's physician, having become dissatisfied with the progress of plaintiff's recovery, took him to a specialist at Monroe, La., for an examination, at which time it was discovered and announced by the specialist and the defendant's physician that the burn had developed into a cancer.

This suit was filed on June 1, 1929, for the purpose of recovering compensation, which date is less than one year after plaintiff became aware that the injury to his nose had developed into a cancer, but more than a year after the date of the accident.

Pleas of prescription of six months and one year were filed by the defendant in bar of plaintiff's suit. They were tried on the face of the papers and judgment rendered sustaining the plea of prescription of one year and rejecting plaintiff's demands.

The plaintiff appeals.

The plaintiff had no reason to believe that he had a cause of action resulting from the burn until it developed into a malignant growth. The burn did not interfere with his ability to work. He considered it inconsequential, and expected it no doubt to quickly heal, which in the ordinary course of events it would have done.

■■■ The cause of action herein sought to be asserted did not arise until the burn developed into a cancer and plaintiff realized or became aware of that fact. The prescription of one year provided by Act No. 20 of 1914, § 31, as amended by Act No. 85 of 1926, begins to run from the time the employee became aware of the injury. Guderian v. Sterling Sugar & Ry. Co., Ltd., 151 La. 59, 91 So. 546; Bagg v. Pickering Lumber Co., 7 La. App. 63; Jones v. General A. F. & L. Assurance Corp., 1 La. App. 88; West v. Industrial Lumber Co., Inc., 14 La. App. 224, 128 So. 678; Hoy v. T. S. Grayson Lumber Co., 15 La. App. 176, 130 So. 651; White v. Louisiana Western Ry. Co. (La. App.) 135 So. 255; Thompson v. Tarver et al., 17 La. App. 230, 135 So. 723.

In this case the plaintiff was first informed of the existence of the cancer on August 18, 1928. As this suit was filed on June 1, 1929, the plea of prescription of one year should have been overruled.

It is the contention of defendant's counsel that under Act 85 of 1926, amending section 31 of Act 20 of 1914, prescription begins to run, not from the date of injury as previously provided, but from the date of the accident as provided by the amendment.

This question, we think, has been correctly disposed of contrary to the defendant's contention by the Court of Appeal. First Circuit, in West v. Industrial Lumber Co., 14 La. App. 224, 128 So. 678, 679, and White v. Louisiana Western Ry. Co., 135 So. 255, 256. We quote the following from the first-mentioned case:

"On account of this substitution of the word 'accident' in this statute for the previous word 'injury' used in the prior law, the district judge held that prescription began to run from the date of the accident and not from the time knowledge of the injury was possessed by the employee, as was held in Guderian v. Sterling Sugar & Ry. Co., 151 La. 59, 91 So. 546.

"Viewing the question in that light, the court held that any action plaintiff had, arising out of the accident of 1922, was prescribed. The word 'accident' used in the act of 1926, as we read section 31 of that statute, has certainly no reference to the death of the

employee, and unquestionably refers to any 'injury' the employee might suffer. We do not think that any other interpretation would be consonant with the provisions of the statute, and would, if applied, be destructive of the liberal construction which our courts have given to the provisions of that statute and in favor of the employee.

"The ruling of the lower court maintaining the plea of prescription is therefore overruled, and we shall therefore take into account any right of action that may exist in favor of plaintiff, growing out of the accident which he alleges occurred in 1922."

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and that there now be judgment overruling the plea of prescription of one year, and remanding the case to the trial court for further proceeding according to law.