HIGGINS, Justice.
 

 The Court of Appeal of the Second Circuit requests instructions with reference to the proper construction of section 20 of Act No. 20 of 1914, as amended by Act No. 85 of 1926. The question of law presented arose from the following facts:
 

 On August 17, 1934, the plaintiff, a telephone lineman, sustained an injury to his foot, sued his employer for compensation at the rate of $20 per week for a period not exceeding 400 weeks, alleging that he was totally and permanently disabled to do work, of any reasonable character, and for $250 medical expenses.
 

 On January 9, 1934, the lower court rendered judgment in favor of the plaintiff as prayed for. The defendant appealed and the Court of Appeal of the Second Circuit amended the judgment by reducing it to 125 weeks for the permanent total loss of the use of the foot, under the provisions of section 8, par. 1 (d) (7), of the above statute, as amended by Act No. 242 of 1928, saying (page 434 of 162 So.):
 

 “The lower court found plaintiff to be totally and permanently disabled, and awarded him judgment for a period of not more than 400 weeks. In this respect
 
 *995
 
 the judgment is erroneous. The injury to plaintiff is localized in the foot and lower leg, all below the knee, and he is entitled to judgment for the loss of a foot only, or for 125 weeks. Calhoon v. Meridian Lumber Company, 180 La. 343, 156 So. 412.
 

 “There is no proof in the record to show injury to any other part of plaintiff’s body. Although a diseased foot may be cancerous in nature, the record discloses it had not developed to a sufficient extent to affect any other part or member of his body, and it likewise discloses that, if the . foot were amputated, the trouble or danger of further infection would be ended.” 162 So. 430.
 

 Both parties applied for a rehearing, which was refused by the Court of Appeal, and the plaintiff then filed an application for a writ of certiorari in this court, which was denied. The defendant thereafter began paying compensation as required by the decree of the court.
 

 . On October 31, 1936, while there remained unpaid several of the weekly compensation installments, the plaintiff instituted the present proceeding, alleging that, since the rendition of the previous judgment, the infection from the original foot injury had spread throughout his body and system and thereafter his physical condition had gradually grown worse and his general disability had become manifest; that he was confined to his bed a hopeless invalid, suffering agonizing pain which had to be relieved with sedatives; that he was totally and permanently disabled to do work of any reasonable character; and he prayed for a modification of the judgment on the ground of increased disability, by ordering compensation to be paid him during his disability not exceeding 400 weeks, subject to a credit of all prior payments.
 

 Defendant filed a plea of res judicata and exceptions of no right and no cause of action and a plea of payment and satisfaction. The district judge overruled them.
 

 Defendant answered, reserving the benefit of the exceptions and pleas, and denied that the plaintiff’s condition had changed and that he was permanently and totally disabled and reurged the pleas of res judicata, payment, and satisfaction.
 

 The district judge again awarded the plaintiff judgment as prayed for and the defendant appealed to the Court of Ap'peal of the Second Circuit, which sustained the' plea of res judicata, annulled the judgment, and dismissed the plaintiff’s application for modification of the judgment.
 

 A petition for a rehearing was filed by the plaintiff and the court granted the same and then made this request for instructions.
 

 The question propounded is as follows:
 

 “May the provisions of section 20 of Act No. 20 of 1914, as amended, be availed of by plaintiff and the judgment where-under some of the payments were made after the present suit'was filed, be modified by increasing the term of compensation to 400 weeks; or, conversely, is he barred from such a course by the plea of res judicata?”
 

 
 *997
 
 Section 20 of Act No. 20 of 1914, as amended by Act No. 85 of 1926, provides :
 

 “That a judgment of compensation may be modified by subsequent agreement between the parties, with the approval of a Judge of a Court which rendered the judgment sought to be modified, at any time after six months after said judgment of compensation shall have been rendered by the Judge of the trial Court it shall be reviewed by a judge of the Court that rendered the judgment sought to be modified upon the application of either party, on the ground that the incapacity of the employee has been subsequently diminished or increased, or upon the ground that the judgment was obtained through error, fraud or misrepresentation. In such cases the provisions of paragraphs 1 and 3 of Section 9 and Section 10 with reference to medical examination shall apply.”
 

 Defendant contends that this provision has no. application where the disability has been once adjudicated and where it has been held by a final judgment that, regardless of the incapacity, the recovery is limited to a specific provision of the act.
 

 Subsection 1 of section 8 of Act No. 20 of 1914, as amended by Act No. 242 of 1928 (page 357) provides:
 

 Section 8, subsec. 1 (b) : “For injury producing permanent total disability to do work of any reasonable character, sixty-five per centum of wages during the period of disability, not, however, beyond fo,ur hundred weeks.”
 

 Subsection 1 of section 8 (d) of the act, reads-:
 

 “In the following cases the compensation shall be as follows: * * *
 

 “7. For the loss of a foot, sixty-five per centum of’ wages during one hundred and twenty-five weeks. * * *
 

 “14. A permanent total loss of the use of a member is equivalent to the amputation of the member.”
 

 In Barr v. Davis Bros. Lumber Co., 183 La. 1013, 165 So. 185, we held that where an injured employee, due to the permanent total loss of the use or the amputation of a member, was totally and permanently disabled to do work of any reasonable character, because of the nature! of his occupation, he was entitled to compensation under the general disability provisions of Act No. 20 of 1914, as amended, and was not restricted to ’ recovering under the specific injury clauses of the compensation statute with reference to the permanent total loss of the ' use or the amputation of members of the body. Therefore, the original judgment of the Court of Appeal, 161 So. 664, in this case amending the judgment, of the trial court and awarding 125 weeks’ compensation for the permanent total loss of the use of a foot, instead of affirming the judgment for general disability, if the court concluded on the facts that plaintiff was totally and permanently disabled, is not the law and is contrary to the holding of this court in the case of Barr v. Davis Lumber Company, supra, and McGruder v.
 
 *999
 
 Service Drayage Co., Inc., 183 La. 75, 162 So. 806.
 

 Coming now to the specific question of law presented of whether or not the plea of res judicata can be urged in this case, it is conceded that in an ordinary lawsuit such a plea would be good. But, it is argued ■ that the Legislature, in enacting section 20 of Act No. 20 of 1914, as amended by Act No. 85 of 1926, expressly created an exception to this general rule.
 

 In O’Donnell v. Fortuna Oil Co., 10 La.App. 599, 601, 120 So. 789, decided by the Court of Appeal of the Second Circuit, where we denied a writ of certiorari on May 20, 1929, the plaintiff suffered an injury to the middle finger of his left hand' and was awarded compensation under a judgment for partial disability for a period not exceeding 300 weeks. After paying the plaintiff compensation for more than 150 weeks, the defendant took a rule against the plaintiff to show cause why the judgment awarding him compensation for 300 weeks should not be reviewed on the ground that it was erroneous in awarding him 300 instead' of 150 weeks under the provisions of the statute. Defendant also alleged in the rule that the plaintiff’s partial disability had ceased and that as he had been paid compensation during the entire period of his disability, the original judgment should be modified by releasing the defendant from any further liability.
 

 The court held that all questions of fact and law decided in the original opinion were conclusive and final, and therefore declined to review the correctness of its original opinion, there being no allegation of fraud or misrepresentation. But the court, under section 20 of Act No. 20 of 1914, as amended by Act No. 85 of 1926, considered the evidence offered by the defendant for the purpose of showing that the plaintiff’s partial disability had ceased and reviewed the judgment of the trial court discharging the rule taken for that purpose and affirming the judgment of the district court in holding that the defendant employer had failed to discharge the burden of proof resting upon it to show that the partial disability had ceased.
 

 In the case of Bailey, v. Gifford Sand & Gravel Co., 7 La.App. 513, the plaintiff sustained an injury to the left side of his head near the temple by falling on a sharp piece of iron which penetrated into his brain. The trial court awarded him compensation for a period of 27 weeks. The Court of Appeal amended the judgment of the lower court by allowing recovery in favor of the plaintiff on the basis of permanent and total disability for a period not to exceed 400 weeks.
 

 On September 17, 1931, the. defendant obtained an order for a rule directing the plaintiff to show cause why the judgment rendered in his favor should not be decreed to have been satisfied and why defendant should not be relieved from making further payments for compensation. La.App., 140 So. 240. The proceeding was predicated on section 20 of Act No. 20 of 1914, as amended by Act No. 85 of 1926. The defendant alleged that it
 
 *1001
 
 had recently learned that the plaintiff’s disability had long since ceased and that for the past 2 or 3 years he had been regularly performing manual labor and thereby earning more than he did at the time of his injury.
 

 In answer to the rule, the plaintiff denied that he had recovered and averred that he was still disabled. There was judgment in favor of the defendant, decreeing that the original judgment had been fully satisfied and paid in full. Plaintiff appealed.
 

 After a full review and analysis of the evidence, the Court of Appeal concluded that the defendant had not shown that the plaintiff had recovered or that his condition had changed and, therefore, annulled the judgment of the trial court, which modified the original judgment and directed the defendant to immediately pay all past-due installments on the original judgment and S per cent, interest upon each suspended payment from the date of its maturity.
 

 At a later date (La.App., 145 So. 712) the defendant filed a rule for the purpose of reviewing the correctness of the original judgment awarding the plaintiff compensation and to have the judgment modified by decreeing it satisfied, alleging that the plaintiff had sufficiently recovered to justify that modification.
 

 The Court of Appeal held that the correctness of the original judgment awarding compensation could not be questioned on an application to modify the decree when there is no plea of error, fraud, or misrepresentation, citing O’Donnell v. Fortuna Oil Co., supra.
 

 • The court then took up the question as to whether or not the plaintiff’s disability had diminished and, after reviewing the evidence, concluded that the defendant employer had successfully shown that the total disability had changed to partial disability, and, as 300 weeks’ compensation had already been paid, which was all plaintiff was entitled to, the original judgment would be modified by declaring it paid and discharging the defendant from further payments under the original judgment,
 

 So that, in the instant case, even if the plaintiff’s pleadings be considered as a request to review the correctness of the decree of the original judgment, and his right to do so be denied on the grounds of res judicata, nevertheless, the plaintiff also clearly asks the court to modify its judgment on account of an increase in disability or incapacity as' a result of the spreading of the infection through his whole body and system, since the original judgment was rendered. The opinion of the Court of Appeal, now pending on rehearing, disposes of these two points of law’ as a whole and does not consider them separately. Whatever error of law the Court of Appeal and this court might have made with reference to the original judgment certainly .cannot affect the plaintiff’s right to now have considered the question of whether or not his disability and incapacity has increased, since the rendition of that judgment, because section 20 of Act No. 20 of 1914, as amended by Act No.
 
 *1003
 
 85 of 1926, specifically and expressly gives him the right to do so.
 

 The Court of Appeal, in its original judgment, decided that where there was an injury localized in the leg below the knee, destroying the use of the member, it was equivalent to amputation, and awarded the plaintiff 125 weeks’ compensation. The court reached this conclusion, notwithstanding the fact that the testimony showed that because of the injury and the nature of the plaintiff’s employment, he was totally and permanently incapable of doing work of any reasonable character. Plaintiff now comes back to the court with an entirely different proposition. He alleges that the infection from the foot injury is no longer localized between the knee and the ankle and merely confined to and affects that member, but has spread throughout his entire body and system. Therefore, even if Calhoon v. Meridian Lumber Company, 180 La. 343, 156 So. 412, were still the law, the plaintiff would be entitled to recover, because the injury has now caused increased or general disability and incapacity of the entire body and is not confined to the loss of the use of the function of a member. The Court of Appeal, therefore, in the opinion which is now pending on rehearing, is in error when it says that the same issue now presented was decided in its original opinion.
 

 It is clear that the judgment in question •here is one of compensation and that plaintiff sought to have it modified after 6 months from its rendition, on the ground that his incapacity and disability had subsequently increased. He, therefore, apparently brought his case within section 20.
 

 It is said that the pertinent quoted language of the statute applies only to judgments of compensation rendered under the general disability clause óf the act, because these judgments read that the compensation -shall not exceed a specific number of weeks and, therefore, the judgment is not a final or conclusive one. It is further stated that this is not true with reference to a judgment of compensation for the permanent total loss of the use of a member, because the provisions of the compensation law grant a specific number of weeks which cannot be either increased or diminished, regardless of incapacity or disability.
 

 It is unnecessary for us to decide what effect this argument might have in a case where the plaintiff prayed only for a judgment for specific disability under those provisions of the compensation law, because, here the plaintiff originally sued for compensation not to exceed 400 weeks for total and permanent disability. Surely, if his disability and incapacity increased due to his physical condition growing worse, since the rendition of the original judgment for compensation of the Court of Appeal, and it now appears, according to the allegations of his petition, that his total and permanent disability is now obvious and manifest, it would be placing a narrow and restricted construction on the provisions of section 20 to limit its application to judgments of compensation for general disability. This is contrary to the well-established rule of law that a liberal interpretation must be placed
 
 *1005
 
 upon the provisions of the compensation law in favor of the claimant.
 

 For instance, in the case of West v. Industrial Lbr. Co., 14 La.App. 224, 128 So. 678, it was held that the one year prescription begins to run from the time the employee realizes or becomes aware of his injury. So, an employee who did not realize until 8 years after the injury that he was suffering from epilepsy as a result of the injury may recover compensation.
 

 In Bagg v. Pickering Lumber Co., 7 La.App. 63, it was held that prescription does not begin to run until a cause of action arises which, in the compensation case, was, at the time of the loss of the eyesight, at least 10 days after the accident.
 

 In Carroll v. International Paper Co., La.App., 138 So. 907, it was held that where a nose burn developed into a cancer, the cause of action did not arise until claimant was aware of that fact.
 

 The court reached these conclusions with reference to pleas of prescription, although there was not a similar provision relative to that subject matter like section 20.
 

 If an injured employee, who has recovered a judgment for compensation under the general disability clause not exceeding a specified number of weeks, can have that judgment modified in the event his incapacity increases thereafter, there certainly can be no reason in law, justice, or equity to say that an injured employee who prayed for compensation for general disability, but was awarded compensation for the permanent total loss of the use of a member, cannot have that judgment modified if his incapacity increased thereafter. It appears to us that the Legislature intended to cover both types of cases. We are fortified in this view, first because there is no language in section 20, which would in any way tend to show that the Legislature meant to restrict its provisions to general disability cases. Furthermore, after the words “the incapacity of the employee has been subsequently diminished or increased,” there appears a comma and then the disjunctive “or,” following which it is clearly stated that a judgment for compensation may be modified when it was obtained through “error, fraud or misrepresentation.” Can it be said that this part of section 20 is limited to general disability cases? We think not. Could it be said that where a judgment of compensation for specific disability for the permanent total loss of the use of a member was obtained through the grossest fraud that the defrauded or wronged employer was powerless to have that judgment modified when he later discovered that the impostor had imposed upon the court and him and the usual delays for a new trial or rehearing had elapsed. Section 20 clearly gives the employer in such a situation the right to apply for the modification of the judgment. Hence, it becomes apparent that the provir sions of section 20 are not limited only to cases of general disability.
 

 The members of the Legislature realized that they had placed a one year prescriptive period upon the injured employee 'within which to bring his action for compensation. Experience showed that within this period of time it is not always possible to determine accurately the extent and duration of the disability or incapacity of an employee who
 
 *1007
 
 has been severely injured. This is particularly true in cases of infection. There are cases where the injured employee recovers within a shorter or longer period of time than the medical testimony' and the testimony of the experts appointed by the court indicated he would be unable to work. In short, medical science in certain cases cannot state exactly what is the extent or duration of disability or incapacity, and if the judgment erroneously awards either too much or not enough compensation, the Legislature afforded the aggrieved party an opportunity, through section 20, to have the error corrected.
 

 Therefore, our answer to the question of law propounded to us by the Court of Appeal of the Second Circuit is that the judgment in the instant case may be modified by increasing the term of the compensation to not exceed 400 weeks, if the proof on the merits warrants that conclusion and that' the plaintiff’s right to ask for such a modification of the judgment originally granted is not barred by the plea of res judicata.
 

 O’NIELL, C. J., dissents.
 

 ODOM, J., dissents and concurs in the dissenting opinion handed down by LAND, J.
 

 ROGERS, J., concurs in the result.