This is a suit under the Workmen's Compensation Act, wherein plaintiff's petition which was filed in January, 1942, sets forth that while engaged in performing his duties in a hazardous occupation, in the employ of defendant, he sustained an accident "in 1936 or 1937" causing injury to his left arm and that thereafter he continued to work and experienced nothing more than a soreness and occasional pain in his left arm "until some time towards the end of 1940 or the beginning of 1941"; that a blood tumor developed on the injured arm, which tumor would disappear when the arm was not used, and reappear when the arm was used; that the condition of his arm became so severe as to necessitate an operation in March, 1941, which has caused plaintiff to become totally and permanently disabled, and for which he is entitled to compensation for total and permanent disability at the rate of $7.38 per week for a period of 400 weeks, plus $250 for medical expenses.
In defense of plaintiff's suit, defendant filed an exception of vagueness, an exception of no cause or right of action, and a plea of prescription. The district court *Page 374 
did not pass upon the exceptions, but rendered judgment sustaining the plea of prescription and dismissing plaintiff's suit, and from that judgment plaintiff prosecutes this appeal.
It is clear from the allegations of the petition that the accident from which plaintiff's disabling injury resulted occurred no later than the year 1937 and that the disabling injury manifested itself no earlier than the latter part of 1940, so that at least the years 1938 and 1939 intervened between the time of the accident and the time the injury manifested itself; and if we find from the petition that the injury manifested itself in the latter part of 1940, the filing of the suit in January, 1942, was more than two years after the accident and more than one year after the injury manifested itself. However, by adopting a liberal interpretation of plaintiff's petition, we could find that plaintiff did not suffer a disabling injury until March, 1941, after his operation, and that consequently the suit was filed within less than one year from the time the injury had manifested itself and it is on that proposition that plaintiff seems to base his hope of overcoming the plea of prescription, citing the cases of Guderian v. Sterling Sugar Ry. Co.,151 La. 59, 91 So. 546; Jones v. General Acc., Fire Life Assurance Corporation, 1 La.App. 88; Bagg v. Picketing Lbr. Co., 7 La.App. 63; West v. Industrial Lbr. Co., 14 La.App. 224, 128 So. 678, and Thompson v. Tarver, 17 La.App. 230, 135 So. 723.
These cases cited by plaintiff were all decided in accordance with Section 31 of the original compensation law, Act 20 of 1914, which provided a prescription of one year from the date of injury, and the courts held, in these cases, that prescription did not run until such time that the injury developed or manifested itself.
The Legislature amended the original act by Act 85 of 1926, and in Section 31 provided that payments for compensation would be forever barred unless a suit was filed or an agreement made for the payment of compensation within one year after the accident, instead of after the injury as provided in the original act. See Trichell v. Stovall Drilling Co., Inc., La.App., 150 So. 869, and cases therein cited.
Section 31 of the compensation law was again amended by Act 29 of 1934 by the provision that, where the injury does not result at the time of the accident or develop immediately thereafter, the prescription shall not take effect until one year after the injury develops, but in all such cases the claim for compensation shall be forever barred, unless proceedings have been begun within two years from the date of the accident.
It is apparent that under the law as it now stands, and as it existed at the time of the filing of this suit, the prescription of one year begins to run from the date of the accident if the injury develops at the time of the accident or immediately thereafter, but where the injury develops after the accident, the prescription of one year begins to run from the time the injury manifests itself, but in no event can the suit be brought more than two years from the date of the accident.
As set forth hereinabove, it is not clear whether or not plaintiff's suit was filed within one year from the time the injury manifested itself, but it is obvious that it was not filed within two years of the accident, and under the plain provisions of Section 31, as amended in 1934, plaintiff's claim is prescribed, and the judgment of the district court sustaining the plea of prescription is therefore correct.
The judgment is affirmed.