SAVOY, Judge.
Plaintiff appealed to this Court from a judgment of the district court sustaining an exception of no cause of action and a plea of res judicata pled by defendant to a suit filed by plaintiff to re-open a compensation suit.
In the case of McGee v. Augenstein Construction Company (La.App. 3 Cir., 1962), 137 So.2d 403, writ of certiorari denied by the Louisiana Supreme Court, this Court held that plaintiff was entitled to workmen’s compensation benefits from December 21, 1959, to September 27, 1960. On the later date we were of the opinion that he had fully recovered from his injury of November 2, 1959. We also held that plaintiff was entitled only to medical expenses incurred through said date of September 27, 1960.
After the judgment in the instant case became final, plaintiff filed a petition in the district court to re-open the case under the provisions of LSA-R.S. 23:1331, and alternatively alleging that the judgment was obtained in error because (1) since the rendition of the judgment plaintiff’s physician has specifically stated that McGee was disabled; and (2) that he is entitled to medical expenses for any treatment incurred as a result of the injuries sustained in the accident.
LSA-R.S. 23:1331 provides the following language, to-wit:
“A judgment of compensation may be modified by subsequent agreement between the parties, with the approval of a judge of the court which rendered the same.
“At any time six months after the rendition of a judgment of compensation, a judge of the trial court that rendered the judgment shall review the same upon the application of either party for a modification thereof, on the grounds that the incapacity of the employee has been subsequently diminished or increased, or that the judgment was obtained through error, fraud, or misrepresentation. In such cases the provisions of R.S. 23:1121 through R.S. 23:-1124 with reference to medical examinations shall apply:”
In oral argument before this Court counsel for plaintiff argues that since this Court allowed his client compensation for a period in excess of six months, he could not reopen the case before that period had expired in view of the provisions of LSA-R.S. 23:1331, and that he should now be entitled to re-open the case to show that plaintiff’s incapacity has increased.
Exceptor, on the other hand, contends that since this Court has fixed with definiteness the duration of plaintiff’s disability to be for a period of less than six months from the date of the rendition of our judgment, the judgment is not within the purview of LSA-R.S. 23:1331 and it may not be modified under allegations that the incapacity resulting from the accident has since increased.
*891 The above issue has been decided adversely to plaintiff by the Supreme Court of this State in the case of Lacy v. Employers Mutual Liability Insurance Company of Wisconsin, 233 La. 712, 98 So.2d 162. In that case the trial judge rendered judgment on December 21, 1955, awarding plaintiff compensation for a period of twenty-one (21) weeks beginning on June 10, 1954, the date of the accident. This judgment was affirmed by the Court of Appeal, 86 So.2d 605, and thereafter the judgment was satisfied by payment. In June, 1956, more than six months after judgment had been rendered by the trial court, plaintiff filed a petition in the same suit praying for a re-opening of the case and a reconsideration of the duration of his injury, which he alleged had become considerably worse. That petition was dismissed by the trial court and plaintiff appealed. The Court of Appeal, Second Circuit, certified three questions of law to the Supreme Court, which court thereupon disposed of the case as though it had been appealed directly to it. The Supreme Court affirmed the judgment of the district court, assigning as one of the reasons for doing so that plaintiff was not entitled to a modification of the judgment under LSA-R.S. 23 :1331, because the judgment had been paid, the obligation had been extinguished and there was nothing to modify. The Court, however, also assigned the following additional reason for affirming the judgment of the lower court:
“Moreover, the statute provides that the trial court shall review its judgment on the application of either party for a modification ‘on the grounds that the incapacity of the employee has been subsequently diminished or increased * * * ’. (Words in italics ours.) This simply means that the incapacity decreed by the court, not necessarily that claimed by plaintiff, has subsequently diminished or increased. Thus, in the case at bar, plaintiff’s disability was fixed by the judge and affirmed on appeal to extend for a period of 21 weeks from the date of the accident and he was awarded weekly payments of compensation during that time. Although he contended that he was totally permanently disabled for 400 weeks, that issue was decided against him and the judgment for compensation for 21 weeks became res judicata as to the extent of his incapacity or disability. See Harris v. Southern Carbon Co., 189 La. 992, 181 So. 469. The only matter which is left open for modification under R.S. 23:1331 occurs in cases where the incapacity of plaintiff to work, as decreed by the court, has increased or diminished. But, in this instance, plaintiff was not incapacitated at the time he filed the application, it having been determined contradictorily by judgment that his disability would endure for only 21 weeks. • And, since he was successful only in obtaining a judgment for compensation which extended for a period of less than six months from the rendition of the judgment, it is manifest that the provisions for modification of the judgment set forth in R.S. 23:1331 could apply neither to plaintiff nor to the defendant as it is well settled that, whereas an application for modification of a judgment for compensation may be entertained when it extends for a period exceeding six months from its rendition, it cannot be inquired into by the court at the instance of either party prior to that time.”
In the Lacy case, supra, Justice McCaleb, as the organ of the court, summarizing the court’s interpretation of LSA-R.S. 23:1331, made the following statements:
“From our interpretation of R.S. 23:-1331, which we believe to be fortified by the above cited adjudications, the following conclusions seem inescapable (1) that the award of compensation in the first instance is a final judgment fixing the extent and duration of disability for the period stated therein sub *892 ject, however, to modification, after six months have elapsed and compensation is still due, upon allegations by either plaintiff or defendant that the disability has increased or decreased; (2) that the award in the first instance is final for a period of six months thereafter and may not be reopened before the expiration of that time and (3) that, in cases where the judgment of the trial court fixes with definiteness the duration of the employee’s incapacity to work to be a period of less than six months from the date of its rendition, such a judgment is not within the purview of R.S. 23 :1331 and may not be modified under allegations that the incapacity resulting from the accident has since increased or diminished.”
Since in the instant case this Court has held the plaintiff had fully recovered from his accident on September 27, 1960, and that no compensation was owing at the time said opinion was rendered, the provisions of LSA-R.S. 23:1331 are not applicable and the exception of no cause of action and the plea of res judicata filed by defendant bar plaintiff from re-opening his case for additional compensation.
The next contention raised by counsel for plaintiff is that there was error in the judgment of this Court limiting plaintiff’s claim to compensation for a specified period. There are no grounds for error alleged in plaintiff’s petition, and the Supreme Court of this State did not find any for it refused a writ of certiorari in the instant case.
Lastly, plaintiff contends that he is entitled to medical expenses beyond the date of September 27, 1960, the date which this Court found he was no longer disabled.
This Court, in its opinion in the case of.McGee v. Augenstein Construction Company, supra, specifically held that plaintiff. could not recover for medical payments beyond September 27, 1960. Any medical expenses incurred after that time would have no causal connection with the accident incurred by plaintiff. See Moreau v. Sylvester (La.App. 3 Cir., 1960), 124 So.2d 387.
We are of the opinion, as was the trial judge, that plaintiff is not entitled to any medical expenses beyond the date fixed in our original decree.
For the reasons assigned, the judgment of the district court is affirmed. Plaintiff to pay the costs of this appeal.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.