SAMUEL, Judge.
On June 7, 1965 a metal fragment lodged in plaintiff’s right eye while he was working as a batcher operator for Belden Concrete Products, Inc. It was removed the same day. He received treatment and compensation for some three to four weeks, returning to work during the first week of July, 1965 and to all of his duties by the middle of that month. The fragment was removed and the treatment was administered by his employer’s ophthalmologists, Drs. G. Porter Puryear and Robert E. Schoel of the Victor C. Smith Memorial Eye Clinic. He returned to the clinic on several occasions with complaints concerning vision in both eyes, but the doctors could find no objective reason for the complaints.
On October 7, 11 and 27, 1966 plaintiff was examined by Dr. Marie Stanbery, an ophthalmologist of his own choice, relative to his complaints of unsatisfactory vision, and she prescribed new glasses which he found helpful. He returned to Dr. Stan-bery on June 7, 1967 complaining of distortion in the right eye. On that occasion the doctor was unable to determine the reason for the distortion. However, two days later, on June 9, 1967, because of its rapid advancement, she made a definite finding of a detached retina. Surgery was performed on June 14, 1967 without success and plaintiff suffered a total loss of vision in the right eye. Medical evidence in the record establishes that detachment of the retina resulted from scarring in the eye which, in turn, resulted from the lodging of the metal fragment on June 7, 1965.
On October 16, 1967, more than two years and four months after the occurrence of the eye injury, plaintiff filed this suit for total and permanent disability benefits and penalties under the Workmen’s Compensation Act. The petition names four defendants, plaintiff’s employer and three insurers which covered the employer’s liability for workmen’s compensation for successive periods of time. In addition to answers denying liability the defendants filed various exceptions pertaining to prescription and peremption. Two of the insurers also defended on an alleged absence of coverage and filed motions for summary judgments. The trial court referred the exceptions to the merits and denied the motions.
After trial there was judgment in favor of all defendants and against the plaintiff, dismissing his suit on the ground that the action had perempted under the pertinent provision of LSA-R.S. 23:1209. The trial court thus' did not reach the issue of an alleged absence of coverage asserted by two of the insurers.
Plaintiff has appealed. In this court he contends: (1) reliance on erroneous advice, or lack of advice, of physicians employed by a defendant-appellee suspends and interrupts prescription which does not begin to run until plaintiff has knowledge that his disability is related to a work-sustained injury; and (2) alternatively, to hold that a workmen’s compensation suit prescribes before it can be brought is in violation of the Constitution of the State of Louisiana, particularly Sections 2 and 6 of Article 1 thereof.
The controlling statutory law, found in the Workmen’s Compensation Act, is LSA-R.S. 23:1209, which reads as follows:
“In case of personal injury (including death resulting therefrom) all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter *433 or unless within one year after the accident proceedings have been begun as provided in Parts III and IV of this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment. Also, where the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until the expiration of one year from the time the injury develops, hut in all such cases the claim for payment shall he forever barred unless the proceedings have been begun within two years from the date of the accident.” LSA-R.S. 23:1209. (Emphasis ours.)
Appellant’s first contention is based primarily on Guderian v. Sterling Sugar & Ry. Co., 151 La. 59, 91 So. 546, handed down in 1922, in which the facts are strikingly similar to those in the instant case. In Guderian the plaintiff suffered a gash over an eye on January 9, 1919 which subsequently resulted in loss of sight. He had no knowledge the sight might be lost until April 23, 1919 and the suit for compensation was filed within one year of the latter date but more than one year after January 9, 1919. The court held the action was not barred by the prescription of one year provided by the then existing statute, Employer’s Liability Act, Section 31 (Act 20 of 1914), reasoning that plaintiff’s cause of action did not arise until he lost sight in the eye and prescription could not commence running until his cause of action had accrued.
The present statute, which we have quoted above, is the result of two amendments; the first by Act 85 of 1926 changed the prior statutory law, particularly that under which Guderian was decided, by providing the prescriptive period began to run from the date of the accident rather than from the date of injury; and the second by Act 29 of 1934 added the last sentence of the section which sentence we have emphasized in the above quotation of LSA-R.S. 23:1209. We are of the opinion the addition to the statute effected by the 1934 act is determinative of the instant case.
To paraphrase in part, the statute now provides that where the injury does not result or develop at the time of or immediately after the accident, the running of the one year prescriptive limitation provided in the first sentence only begins when the injury actually develops. However, the statute now also provides that in all such cases, i.e., where the injury does not result or develop at the time of or immediately after the accident, the claim for payment is forever barred unless the proceedings have been begun within two years from the date on which- the accident occurred.
Nothing in the record suggests that the employer-retained physicians acted improperly in any way in failing to predict a detached retina. The physician of plaintiff’s choice was unable to make such a diagnosis as late as June 7, 1967, a full two years after the accident; she was able to make a finding of a detached retina just two days later, on June 9, 1967 because, as she testified, at that time it had developed so rapidly it was “very obvious he had a detachment of the retina”.
Here the injury for which plaintiff makes claim, in the words of the statute, did not result at the time of, or develop immediately after, the accident. Since it developed at a later date it is exactly the type of injury the amended portion of the statute contemplates and it is included in the statutory wording which states that the claim shall be forever barred unless the proceedings have been instituted within two years from the date of the accident. More than two years having elapsed between the date of the accident and the time when this suit was filed, plaintiff’s claim is barred.
We are also of the opinion that plaintiff’s second contention is without merit. He argues that to hold his suit is prescribed or perempted before the cause of action has arisen, and thus before the suit can be brought, is unconstitutional be *434 cause such procedure violates Sections 2 and 6 of Article 1 of the Constitution of the State of Louisiana (LSA-Const. Art. 1, §§ 2, 6), relative to due process of law. He cites no authority supporting his contention and argument.
The plaintiff has not been deprived of any right or property except such as has been given to him by the workmen’s compensation act itself. Without that act he could not recover workmen’s compensation; and as we understand the facts of this case and the law prior to passage of Louisiana’s first compensation act, he could recover nothing in the absence of the act. His right of action was created by the legislature which clearly has the authority to put some time limit on the bringing of suit. By its very nature the limitation must be arbitrary and may result in some hardship, but it does not violate constitutional limitations. Although our sympathies are with the plaintiff, we know of no legal theory under which he can recover.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.